CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 11 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LIONEL THOMAS HURD,<br> Petitioner, | ) | Civil Action No. 7:14-cv-00381 |
| v. | ) | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE,<br> Respondent. | ) | By: Hon. Jackson L. Kiser<br>   Senior United States District Judge |

Lionel Thomas Hurd, a Virginia inmate proceeding pro se, timely filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, arguing that the evidence was insufficient to sustain his conviction and twenty-year sentence for conspiring to distribute cocaine, in violation of Virginia Code § 18.2-248. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the motion to dismiss and dismiss the petition.

Petitioner appealed the criminal judgment entered by the Circuit Court of Washington County, arguing that the evidence was insufficient to sustain the conviction. The Court of Appeals of Virginia disagreed and affirmed the conviction after viewing the evidence in the light most favorable to the Commonwealth.[1] The Court of Appeals recited the incriminating evidence:

> [. . .] Nikkie Dameron, a long-time confidential informant, met [Petitioner] in early August 2009. During this encounter, [Petitioner] asked Dameron if she was looking for drugs; Dameron said that she might know someone who was interested, and the two of them exchanged contact information. Dameron called [Petitioner] on August 6, 2009. She arranged for [Petitioner] to sell five grams of crack cocaine to a friend, and they agreed to meet at a certain location.

---

[1] The Supreme Court of Virginia refused Petitioner's appeal from the Court of Appeals of Virginia's decision affirming the conviction. Hurd v. Commonwealth, No. 130256, slip op. at 1 (Va. June 12, 2013); see Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment).

Prior to the time leading up to the transaction, Dameron and [Petitioner] had several phone conversations. These conversations were recorded using a recording device provided by law enforcement officials. Law enforcement officials also fitted Dameron with a recording device to record her meeting with [Petitioner]. The recording of the phone conversations and meeting were admitted into evidence at trial.

[Petitioner] arrived at the location of the meeting in a vehicle with two other individuals. Lieutenant Darryl Duty, an undercover police officer, was with Dameron, and they approached [Petitioner]'s vehicle. One of the occupants in the car instructed that only one of them should come to the vehicle. Duty entered the vehicle, and the occupant permitted Duty to examine a bag of crack cocaine. When Duty questioned whether the bag contained five grams of crack cocaine, the occupant and [Petitioner] assured Duty that the bag contained five grams of crack cocaine. Duty exited the vehicle on the pretext of getting the money to buy the crack cocaine. As Duty walked to his vehicle, [Petitioner] yelled that that he wanted the money. Additional officers arrived at the location and arrested [Petitioner] and the two occupants in the vehicle.

Hurd v. Commonwealth, No. 0046-12-3, slip op. at 2-3 (Va. Ct. App. July 12, 2012); see Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

After reviewing the state court record, I find that the petition for a writ of habeas corpus must be dismissed because the disposition of this claim was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.[2] 28 U.S.C. § 2254(d); see In re Winship, 397 U.S. 358, 364 (1970) (recognizing the Due

---

[2] A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

2

Process Clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"). Petitioner does not establish that the Court of Appeals of Virginia based its decision on an unreasonable determination of the facts, and the evidence, when viewed in the light most favorable to the Commonwealth, establishes that any rational trier of fact could have found beyond a reasonable doubt that Petitioner conspired to distribute cocaine.

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 733 (1982)). Proof of an explicit agreement is not required, and the Commonwealth may rely on circumstantial evidence to establish the conspiracy. Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992).

Dameron testified that Petitioner had agreed to sell Dameron's friend $500 worth of cocaine, and Petitioner was in the vehicle driven to the meeting that contained $500 worth of cocaine. Tr. 47-48, 63, 80, 84. The cocaine was possessed by another occupant in the car who rode to the buy location with Petitioner while Petitioner encouraged the undercover officer to buy the cocaine. Id. 49, 60. Petitioner assured the officer that the cocaine weight was accurate, and Petitioner demanded payment when the officer walked away with the cocaine. Id. 48-50, 65-

---

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, ___, 130 S. Ct. 841, 849 (2010).

66. Consequently, the evidence was sufficient to show Petitioner's agreement to distribute cocaine.[3]

Accordingly, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 11th day of December, 2014.

                                                     /s/ Jackson L. Kiser
                                                     Senior United States District Judge

---

[3] Although Petitioner attacks Dameron's credibility and accuses her of being a professional informant with a criminal history, I am not permitted to re-determine the credibility of the witnesses who testified at trial. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Nonetheless, Dameron had acknowledge during her testimony that she had worked as a police informant and made controlled purchases of drugs on numerous, prior occasions. Tr. 68, 77.

4